[No. 32320, 32321. Department Two. November 20, 1952.]

THE STATE OF WASHINGTON, *on the Relation of Scott Publishing Company et al., Plaintiff,* v. THE SUPERIOR COURT FOR FRANKLIN COUNTY, *Albert N. Bradford, Judge, Respondent.*[1]

*Gavin, Robinson & Kendrick,* for relators.

*Tonkoff & Holst, Blaine Hopp, Jr.,* and *Skidmore & Critchlow,* for respondent.

PER CURIAM.—These two actions have been consolidated for hearing in this court by stipulation of the parties and by order of the chief justice. Two different plaintiffs brought suit against relator for libel. The actions were commenced in Franklin county, the residence of defendant Scott Publishing Company, a corporation. Motions were made to change the venue of the actions from Franklin county to Benton county on the grounds of convenience of witnesses, or that the ends of justice would be forwarded by the change. The motions were denied, and an alternative writ of certiorari was issued by this court October 7, 1952, commanding respondent judge to certify and send to this court a transcript of the records and proceedings relating to the entry of the orders denying change of venue, or, in the

[1]Reported in 250 P. (2d) 237.

534

alternative, to show cause why he should not do so. The records were sent up and the matter heard on the 31st day of October, 1952.

The actions involved alleged libelous statements concerning two officials of Kennewick school district No. 17, in Benton county, Washington. All of the witnesses will be from Benton county, and all of the records will involve transactions occurring in Kennewick.

As to the convenience of witnesses, this court takes judicial notice that Pasco, the county seat of Franklin county, is just across the Columbia River from Kennewick; and that Prosser, the county seat of Benton county, is about thirty-five miles distant from Kennewick. Relator has failed to show that the convenience of witnesses would best be served by changing the venue of the actions.

No showing has been made that, because of prejudice or widespread notoriety concerning these two actions, the ends of justice would be forwarded by the change to Benton county.

The orders of the trial court denying motions for change of venue are affirmed, and the alternative writ of certiorari, heretofore issued out of this court, is quashed.